IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN PARKER,

                Plaintiff,                              ORDER

     v.                                             09-cv-436-vis

LISA KRAUSE-HENGST, Deputy Sheriff;
TRAVIS MCPHEARSON, Deputy Sheriff;
JAMIE PETERSON, Deputy Sheriff;
DAVID CLINE, Deputy Sheriff;
CINDY SCHALLER, Deputy Sheriff;
COLIN FOSTER, Deputy Sheriff;
JOHN BROGAN, Deputy Sheriff Sergeant;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff has been allowed to proceed in forma pauperis on his claim that defendants violated his Eighth Amendment rights by using excessive force against him and disregarding his need for medical care. On November 5, 2009, Magistrate Judge Stephen Crocker denied plaintiff's motion for appointment of counsel. Now before the court is plaintiff's notice of appeal to the court of appeals from that order. I understand plaintiff to be asking the court to certify that he can take an interlocutory appeal under 28 U.S.C. § 1292(b) from the November 5, 2009 order. Because plaintiff has not paid the $455 fee for filing this appeal, I

construe his notice of appeal as a request to proceed in forma pauperis on appeal. Also, plaintiff asks for an extension of time to respond to the motion for summary judgment filed by defendants for failure to exhaust his administrative remedies and on the merits.

In addressing plaintiff's request to certify that he can take an interlocutory appeal, I turn to 28 U.S.C. § 1292. It states in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

I must deny plaintiff's request for two reasons. First, plaintiff is attempting to appeal a magistrate judge's decision on a non-dispositive pretrial motion. Under 28 U.S.C. § 636(b), plaintiff has the option of asking the district judge to reconsider this decision, but he lacks the option of appealing the decision to the court of appeals. Second, there is no substantial ground for a difference of opinion on the question whether plaintiff is entitled to appointment of counsel in these cases. Moreover, an immediate appeal would not materially advance the ultimate termination of this litigation, but would serve only to delay the litigation. Therefore, I will deny plaintiff's request to certify an interlocutory appeal from the November 5, 2009 order of the magistrate judge denying his motion for appointment of counsel.

Turning to plaintiff's request to proceed in forma pauperis on his appeal, a district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons:  the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes.  § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). I will deny plaintiff's request because I certify that his appeal from a non-final order is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so.  Under Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal.  With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal.  Also, he must send along a copy of this order.  Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously.  If plaintiff does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal.  Instead, it may require plaintiff to pay the entire $455 filing fee before it considers his appeal.  If plaintiff does not pay the fee within the deadline set, it is possible that the

court of appeals will dismiss the appeal.

Finally, plaintiff asks for an extension of time for 60 days to respond to defendants' motion for summary judgment while the court of appeals decides his appeal. Plaintiff's interlocutory appeal does not divest this court of jurisdiction to continue to act in this case. A district court is not divested of jurisdiction "when there is a purported appeal from a non-appealable order." Patzer v. Board of Regents of the University of Wisconsin System, 763 F.2d 851, 859 (7th Cir. 1985) (citation omitted). Plaintiff is not entitled to an extension of time while his appeal is decided.

Plaintiff states in his motion that he needs more time because he does not have access to a law library or law books. However, plaintiff does not need legal resources to respond to defendants' motion for summary judgment on the ground that he did not exhaust his administrative remedies. He should have in his possession the information he needs to show that he exhausted his administrative remedies. To respond to the motion on the merits, he must submit an affidavit explaining what happened to him when he was subjected to excessive force and denied medical care. I will give plaintiff a brief extension so that he may submit these documents.

4

ORDER

IT IS ORDERED that

1. Plaintiff Kenneth Parker's motion for the court to certify that an interlocutory appeal may be taken from the November 5, 2009 order in this case, dkt. #35 is DENIED.

2. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #35, is DENIED. I certify that plaintiff's appeal is not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial record.

3. Plaintiff's motion for an extension of time to respond to defendants' summary judgment motion, dkt. # 38, is GRANTED in part. Plaintiff may have until January 21, 2010 to respond to defendants' motion for summary judgment. Defendants may have until February 1, 2010 to reply.

Entered this 5th day of January, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge